# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MINNESOTA

_____

In re:

RICHARD WILLIAMS and SANDRA WILLIAMS,     Bky. Case No. 12-43039

                                       Chapter 13 Case

        Debtor(s).

---

## NOTICE OF HEARING AND MOTION TO VALUE
## CLAIM OF CITIMORTGAGE, INC

---

TO: Jane Fraser, CEO of Citimortgage, 399 Park Avenue, New York, New York, 10022, CitiMortgage, c/o CT Corporation System, registered agent for CitiMortgage, 100 S. 5th Street #1075, Minneapolis, MN  55402, Chapter 13 Trustee, United States Trustee, all judgment creditors and all parties in interest as specified in Local Rule 9013-3.


Chapter 13 Debtor(s) RICHARD WILLIAMS and SANDRA WILLIAMS (the "Debtors")  comes now for this Motion to Value Claim of CitiMortgage and gives notice of hearing.

1.  The Court will hold a hearing on this motion at 10:30 AM. on July 18, 2013, at U.S. Courthouse, Courtroom 8, 300 S. Fourth Street, Minneapolis, MN  55415.

2.  Any response to this motion must be filed and delivered to counsel for the moving party  no later than July 12, 2013, which is five days before the date set for hearing (excluding Saturdays, Sundays, or holidays).  UNLESS A RESPONSE OPPOSING THIS APPLICATION IS TIMELY FILED, THE COURT MAY GRANT THE APPLICATION WITHOUT A HEARING.

3.  The court has jurisdiction over this motion pursuant to 28 U.S.C. 157 and 1334, bankruptcy Rule 5005 and Local Rule 1070-1.  This proceeding is a core proceeding. This case was commenced by the filing of the Debtor's voluntary petition on  May 21, 2012 (the "Petition Date").

4.   An appraisal dated April 24, 2013 places the fair market value of the Debtors'

home located at 10050 Park Avenue S., Bloomington, MN  55420, legally described

Naddy's 2d Addition, Lot 4, Block 1, Hennepin County, MN , (the "Property"),  at

$250,000.00. *See*  attached  Certified appraisal of Joyce E. S. Schwartz. The parties

valued the property at $245,000.00, based on a Zillow valuation, at the time of filing.

5.   The Debtors seek the entry of an order, pursuant to Bankruptcy Code § 506(a) and

Bankruptcy Rule 3012, determining the Petition Date value of the Property to be

$250,000.00.

6.   The Property is subject to two (2) mortgages. *See* title report attached.

7.    The first-priority mortgage, dated December 18, 2006, was executed by the

Debtors to J.P. Morgan Chase Mortgage  in the original principal amount of

$320,000.00 . See Claim 7, filed by Peterson, Fram and Bergman for J. P. Morgan

Chase, a copy of which is attached. The mortgage was formally assigned to J.P.

Morgan Chase on June 8, 2012, and the assignment was recorded as document

A9816823 on July 17, 2012.

8.   J. P. Morgan Chase asserts a petition date secured claim of $299,583.61.

9.    The second-priority mortgage,  dated January 8, 2007 and filed on January 23,

2007, in favor of Mortgage Electronic Registration Systems, Inc., as nominee for GB

Home Equity, LLC,  in the original principal amount of $60,000, was assigned to

CitiMortgage as document number on June 12, 2012 and filed as document number

A9804781 on June 19, 2012.

10. The second mortgage, Citimortgage has filed a claim in this case in the amount of

$57,532.57.  The claim is attached as claim 9.

11. The Petition Date claim secured by the first-priority mortgage exceeds the Petition Date value of the Property by $49,583.61.

12. There is no value in the Property to which the lien of the second-priority mortgage may attach.

13. The Debtors seek the entry of an order, pursuant to Bankruptcy Code § 502 and Bankruptcy Rule 3007, treating any claim by CitiMortgage as a non-priority unsecured claim according to the Debtors' plan which provides:

> Any claim by  CITIMORTGAGE is included in the unsecured non-priority class of claims described in paragraph 11a, supra., against Debtors' residential real property legally described as NADDY'S 2ND ADDITION, LOT 4, BLOCK  1, HENNEPIN COUNTY. Confirmation of this plan without objection by CITIMORTGAGE or over the objection of CITIMORTGAGE, shall constitute an acknowledgement and acceptance that there is no equity in the Debtors' residential real property, over and above the first mortgage, to which the lien of the second mortgage can attach. The    order confirming the plan shall constitute a finding by the bankruptcy court that the claim of CITIMORTGAGE is wholly unsecured. Said residential real property shall vest in the debtors free and clear of said second mortgage upon completion of all payments due to the trustee under the plan. CITIMORTGAGE shall cancel the second mortgage within 20 days after the trustee's final report to the court showing completion of the plan. If CITIMORTGAGE fails to cancel the second mortgage, debtors may obtain an order and judgment voiding the second mortgage.

15    As a result of the above valuation and reclassification, the lien of the second-priority mortgage  may be avoided under Bankruptcy Code § 506(d).

16    Bankruptcy Code §1322(b)(2)'s anti-modification provision does not prevent this result.

17.    The Debtors do not contest the validity, priority or extent of such lien.

18.    No prior request has been made to this or any other Court for the relief sought in this motion.

19.    The Debtors have submitted a Memorandum of Law in support of their motion.

WHEREFORE, chapter 13 Debtors Richard and Sandra William seek the entry of an order

1        Determining the value of the Property

2        Classifying any claim by CitiMortgage as a non-priority unsecured claim

3        Providing that the second priority mortgage claim of Citmortgage shall be deemed and considered and treated as a general unsecured claim in it's entirety in this Chapter 13 case, to share pro rata with the other general unsecured creditors pursuant to the debtors' Chapter 13 plan.

4        For such other and further relief as is just and proper.


Dated: June 20, 2013                    /e/ Barbara J May
                                        Barbara J May Law Office
                                        2780 N. Snelling #102
                                        Roseville, MN  55113
                                        651-486-8887
                                        Attorney ID 129689

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MINNESOTA

_____

In re:

RICHARD WILLIAMS and SANDRA WILLIAMS,    Bky. Case No. 12-43039

                                    Chapter 13 Case

            Debtor(s).

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEBTORS RICHARD AND SANDRA WILLIAMS FOR AN ORDER VALUING CLAIM OF CITIMORTGAGE

---

TO: Jane Fraser, CEO of Citimortgage, 399 Park Avenue, New York, New York, 10022, CitiMortgage, c/o CT Corporation System, registered agent for CitiMortgage, 100 S. 5th Street #1075, Minneapolis, MN  55402, Chapter 13 Trustee, United States Trustee, all judgment creditors and all parties in interest as specified in Local Rule 9013-3.

Chapter 13 Debtors Richard and Sandra Williams(the "Debtors") have this date filed their motion seeking the entry of an order Determining the value of the Property,  classifying any claim by CitiMortgage as a non-priority unsecured claim, and providing that the second priority mortgage claim of Citmortgage shall be deemed and considered and treated as a general unsecured claim in it's entirety in this Chapter 13 case, to share pro rata with the other general unsecured creditors pursuant to the debtors' Chapter 13 plan.

In *Nobelman v. American Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993)*,* Justice Clarence Thomas observed that § 1322(b)(2) focuses on the rights of a holder of a secured claim secured by a security interest in the debtor's primary residence and not the claim itself. These rights, he reasoned, may not be modified, and the rights contained in the note and mortgage include 'the right to repayment of the principal in monthly installments over a fixed term ... the right to retain a lien until the debt is paid off... and the right to bring an action to recover any deficiency remaining after foreclosure...' *Nobelman,* 508 U.S. at 329, 113 S.Ct. 2106.

However, Justice Thomas also pointed out that '[p]etitioners were correct in looking to § 506(a) for a judicial valuation of the collateral to determine the status of the bank's secured claim.' *Nobelman,* 508 U.S. at 328, 113 S.Ct. 2106. The Court in *Nobelman* proceeded to observe that the bank still held a partially

secured claim, and, therefore, since it held a secured claim as defined by § 506, was entitled to the antimodification protection of § 1322(b)(2)."

*In re Black*, 260 B.R. 134, 139 (Bkrtcy.E.D.Ark., 2001).

A lien in property is not secured (and the claim to which such lien pertains is not a "secured claim") if there exists "insufficient equity in the property to cover any portion of that lien." *In re Pond*, 252 F.3d 122, 127 (2d Cir. 2001).

The holder of a wholly unsecured lien, as determined under Bankruptcy Code § 506(a), is not the holder of "'a claim secured only by a security interest in . . . the [debtors'] principal residence' and, therefore, [its] rights in the lien are not protected under the antimodification provision of 11 U.S.C. § 1322(b)(2)." *In re Pond*, *id*.

The Debtors may move to 'strip-off' a wholly-unsecured lien by a valuation motion brought pursuant to Bankruptcy Rule 3012 and Bankruptcy Code § 506. Such motion should explicitly state that the motion does not contest the validity, extent or priority of the lien. *In re Robert*, 313 B.R. 545 (Bankr. N.D.N.Y. 2004).

The majority of courts hold that the appropriate procedure for lien avoidance under Section 506 is by motion because lien avoidance is the inevitable byproduct of valuing a claim, which is accomplished by motion pursuant to Bankruptcy Rule 3012. No further proceeding is required. *In re Hoskins,* 262 B.R. 693 (Bankr.E.D.Mich.2001); *In re Fuller, Jr.,* 255 B.R. 300 (Bankr.W.D.Mich.2000);*In re Jones,* 152 B.R. 155 (Bankr.E.D.Mich.1993); *Lee Servicing Co. v. Wolf (In re Wolf),* 162 B.R. 98 (Bankr.D.N.J.1993). "Once the value of the secured claim is determined, the attendant lien is stripped off automatically under Section 506(d)." *In re Sadala*, 294 B.R. 180, 183 (Bkrtcy.M.D.Fla. 2003).

In *In re Mansaray-Ruffin*, 2008 WL 2498048 (3d. Cir. June 24, 2008), the court distinguished challenging the validity of a lien from the valuation of the collateral to which a lien attaches to determine the amount of a secured claim, the former requiring an adversary

proceeding. *Mansaray-Ruffin* cites *In re Enewally*, 368 F.3d 1165, 1173 (9th Cir.) *cert. denied* 543 U.S. 1021, 125 S.Ct. 669, 160 L.Ed. 497 (2004) which "…confirmed that Rule 7001 does not require a debtor to file an adversary complaint where the debtor seeks to modify the lien amount based on the value of the collateral." *Mansary-Ruffin* at 9-10.

In *In re Kemp*, 391 B.R. 262 (Bankr.D.N.J. 2008), the court further extrapolated from *Mansaray-Ruffin* in regard to motions versus adversaries when lien stripping. The court held that the debtor was seeking valuation of the lien at issue, and was not contesting the validity, priority or extent of the lien. In so doing the court relied on F.R.B.P. 3012 which states "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest." *Kemp* at 265. The Kemp court also cited 10 Lawrence P. King, *Collier on Bankruptcy,* ¶ 7001.03[1] at 7001-10 (15th Ed. Rev.2008):

> Under section 506(a) of the Code, secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured for the excess over such value. Rule 3012 implements section 506(a) and provides that the court may determine the value of a claim secured by a lien on property in which the estate has an interest on *motion* of any party in interest. One could argue that such a proceeding is one to determine the "extent" of the lien. The Advisory Committee Note to Rule 3012 refutes this notion by making the distinction that a Rule 7001 adversary proceeding "is relevant to the basis of the lien itself" as distinguished from valuation for the purposes given in examples in that Note, such as to determine the issue of adequate protection under section 361, impairment under section 1124 or treatment of the claim in a plan pursuant to section 1129(b). Thus, under the Bankruptcy Rules, valuation is accomplished by motion under Rule 9014, rather than in an adversary proceeding under Rule 7001." Kemp at 265-266.

In *In re Calendar* 262 BR 777 (8th Cir.BAP (Mo.), 2001) (Opinion written by Judge Kressel with Judge O'Brien concurring on the panel) the Court stated:

> In *Nobelman v. American Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), the Supreme Court held that § 1322(b)(2)'s antimodification provision protect a creditor who is 'secured' by the homestead even if it is not the holder of a secured claim within the meaning of 11 U.S.C. § 506(a). Since that decision, a number of courts have held that *Nobelman* only applies when the creditor holds some secured claim. According to these courts, a plan may modify

the rights of a creditor who is secured as a matter of state law but who is not the holder of a § 506(a) secured claim. *See, e.g. McDonald v. Master Financial (In re McDonald),* 205 F.3d 606 (3rd Cir.2000); *Tanner v. FirstPlus Financial (In re Tanner),* 217 F.3d 1357 (11th Cir.2000); *Bartee v. Tara Colony Homeowners Ass'n (Matter of Bartee),* 212 F.3d 277 (5th Cir.2000); *contra In re Cater,* 240 B.R. 420 (M.D.Ala.1999); *In re Mattson,* 210 B.R. 157 (Bankr.D.Minn.1997).

However, cramdown and lien stripping are confirmation issues which were presumably explicitly or implicitly resolved when the bankruptcy court confirmed the debtor's plan. In other words, what a creditor's secured claim is and how much has to be paid to the creditor are two different issues. In fact, it is the very point of § 1322(b)(2) that eligible creditors are paid in full regardless of what their secured claims are."

*Calendar* at 779-780. *Mattson*, a 1997 court-level opinion of Judge Kressel, appears to be of limited precedential value, as Judge Kressel said in *Calendar* that *Mattson* was contra to the emerging trend in favor of lien stripping. In *Calendar*, the first mortgage claim was $92,000, the house was worth $95,000, there was a disputed mechanics lien with unstated amount, but presumably in excess of the remaining $3000 in equity, which, if valid, would have had priority over the next secured creditor in line, American General Finance. The Court stated "If, as argued by the debtor, that claim has priority over the claim of American General, then there would be no value left to secure American General Finance's claim. It would then have no secured claim." While *Calendar* did not rule on lien stripping as the BAP remanded for the court on grounds of considering the res judicata implications of an already-confirmed plan, it is submitted that *Calendar* provides acceptance in this Circuit for lien stripping.

WHEREFORE, chapter 13 Debtors Richard and Sandra Williams seek the entry of an order (i) determining the value of the Property and the second-priority mortgage lien thereon; (ii) providing for the avoidance of the lien of the wholly unsecured second-priority mortgage on the Property upon successful completion of the Debtors' modified chapter 13 plan,

(iii) reclassifying any potential claim arising from said mortgage as a non-priority unsecured claim, and (iv) for such other and further relief as is just and proper.


Dated: June 20, 2013

/e/ Barbara J May
Barbara J May Law Office
2780 N. Snelling #102
Roseville, MN  55113
651-486-8887
Attorney ID 129689

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MINNESOTA

_____

In re:

RICHARD WILLIAMS and SANDRA WILLIAMS,     Bky. Case No. 12-43039

                                 Chapter 13 Case

               Debtor(s).

At Minneapolis, Minnesota, on _____.

This matter came before the court on debtors' motion to determine the value of the secured claim of CitiMortgage. The court has found that proper notice was served and there was no response.  Based on the file, record, and proceedings herein,

IT IS FOUND, DETERMINED, AND ORDERED:

1.     The Motion is granted.

2.     Citimortgage's claim,  presently filed as claim 9 in this case, is wholly unsecured pursuant to 11 U.S.C. Section 506.

Dated:_____                 _____

                                            Kathleen Sanberg
                                          Judge of Bankruptcy Court

Debtors herein, having reviewed the attached document , declare under penalty of perjury that
they know the information contained herein to be true and correct to the best of their knowledge.

Dated: 4/30/13

RICHARD WILLIAMS

Dated: 4/30/13

SANDRA WILLIAMS

STATE OF MINNESOTA)
                                    ) SS                                    Case No.: BKY 13-40931
COUNTY OF RAMSEY   )


Barbara J. May, being duly sworn upon oath, says that on the 21st day of June,  2013, she served via **Certified** US

Mail, the Amended Notice of Motion to value property, reclassify claim and avoid unsecured lien in the same

envelope as an amended  notice of modified plan and modified plan  upon:

Jane Fraser, CEO
CitiMortgage, Inc.
399 Park Avenue
New York, N Y 10022

The CEO of Citimortgage was determined by running of Google search of
Citigroup and verifying their new CEO name and address

CT Corporation System, Inc.
o/b/o CitiMortgage, Inc.
100 South Fifth Street, Ste 1075
Minneapolis, MN 55402

This address was determined by running a LexisNexis search for
registered agent for service for CitiGroup.

Midland Funding
8875 Aero Drive
Suite 200
San Diego CA 92123

This is the correspondence address listed on their website.

Citibank
Michael L. Corbat, CEO
399 Park Ave.
 NY, NY  10022

Counsel searched the internet to determine the CEO's name and address
for Citibank, Inc.

All creditors on attached matrix, by US Mail, plan and Amended Notice of Hearing for  modified plan only


 /e/ Barbara J. May


Barbara J. May